IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS ONDILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-093 |
| | ) | (Formerly CR 104-085) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** on the basis that it is successive and the Eleventh Circuit Court of Appeals has not authorized consideration of any such claim, and that this civil action be **CLOSED**.

**I.     BACKGROUND**

On August 11, 2004, the grand jury in the Southern District of Georgia indicted Petitioner on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). See United States v. Ondilla, CR 104-085, doc. no. 1

(S.D. Ga. Aug. 11, 2004) (hereinafter "CR 104-085"). Petitioner retained attorney Danny Durham to represent him (see id., doc. nos. 5, 6), and on August 4, 2005, pursuant to a negotiated plea agreement, Petitioner pled guilty to possession with intent to distribute methamphetamine. Id., doc. nos. 27-29. On January 6, 2006, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 240 months in prison, five years of supervised release, a $100.00 special assessment, and $3,600.00 fine. Id., doc. nos. 35, 36. After filing an appeal to the Eleventh Circuit, Petitioner was re-sentenced on August 15, 2007, to 204 months in prison, with all other terms of the original sentence to remain. Id., doc. nos. 52, 58. Petitioner was not successful in his second appeal to the Eleventh Circuit. United States v. Ondilla, 271 F. App'x 863 (11th Cir. 2008).

The Clerk of Court filed Petitioner's first § 2255 motion in this Court on September 23, 2009. See Ondilla v. United States, CV 109-112, doc. no. 1 (S.D. Ga. Sept. 23, 2009) ("CV 109-112"). Petitioner asserted his plea agreement was invalid, he received ineffective assistance of trial and appellate counsel for numerous reasons, and he had been improperly sentenced. See generally id. Judge Bowen denied the § 2255 motion, and the Eleventh Circuit Court of Appeals refused to issue a certificate of appealability. See id., doc. nos. 9, 20.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to

2

another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his second § 2255 motion, arguing that because he was sentenced under a section of the Sentencing Guidelines which mirrors the residual clause of the ACCA, the ruling in Johnson entitles him to be resentenced. (Doc. no. 1.) Petitioner signed his latest § 2255 motion on June 22, 2016, and the Clerk of Court filed it on June 27, 2016. (Id. at 1, 13.) Petitioner asserts he has filed an application for leave to file a second or successive § 2255 motion with the Eleventh Circuit, but he does not say when he made this filing, let alone that he has actually been granted permission to proceed with a second § 2255 motion. (Id. at 10.)

## II. DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for

3

an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used

4

to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, Petitioner has previously filed a § 2255 motion that was denied as barred by a collateral attack waiver in the plea agreement and on the merits of the claims that survived the waiver. See CV 109-112, doc. nos. 5, 10.[1] No intervening factual defect has come into existence and caused Petitioner's claim to ripen in the time between Petitioner's first motion and the instant motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). To the contrary, Petitioner asserts he is basing his claim on a new rule of constitutional law as announced in Johnson, 135 S. Ct. at 2563. Such a request is properly classified as "second or successive" in the sense contemplated by § 2255. Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

## III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** on the basis that it is successive and the Eleventh Circuit Court of

---

[1]A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

Appeals has not authorized consideration of any such claim, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of July, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA