IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT THOMAS ONDILLA,         )
                               )
    Petitioner,                )
                               )
v.                             )   CV 116-093
                               )   (Formerly CR 104-085)
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 because Petitioner filed a second or successive § 2255 motion without first obtaining authorization from the Eleventh Circuit Court of Appeals. (See doc. no. 2.) Petitioner objects to the recommendation for dismissal because he currently has an application to file a second or successive motion pending with the Eleventh Circuit Court of Appeals. In re Ondilla, No. 16-15086 (11th Cir. July 22, 2016). Thus, to avoid "hav[ing] to start this process all over," Petitioner requests the Court not rule on the instant § 2255 motion until the Eleventh Circuit rules on his pending application. (Doc. no. 4, p. 2.) There is no basis for granting such a request.

As the Magistrate Judge explained, unless and until Petitioner receives permission from the Court of Appeals to file a second or successive § 2255 motion, this Court does not have jurisdiction to consider the motion filed in this Court on June 27, 2016, nearly one month before his application was docketed in the Eleventh Circuit. Moreover, Petitioner's request that this Court not rule on his pending § 2255 motion assumes that he will be granted the requisite authorization. Although that decision belongs to the Eleventh Circuit, such authorization is by no means the guaranteed outcome Petitioner presumes.

To the contrary, because Petitioner asserts he was designated and sentenced as a career offender under the advisory sentencing guidelines, not under the now-invalidated residual clause of the Armed Career Criminal Act, under controlling Eleventh Circuit precedent, the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to his case. See United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). Thus, the Eleventh Circuit has denied applications raising claims like Petitioner's challenging his designation as a career offender under the advisory sentencing guidelines. See, e.g., In re Sapp, -F.3d-, No. 16-13338-J, 2016 WL 3648334, at *2 (11th Cir. July 7, 2016); In re Anderson, -F.3d-, No. 16-14125-J, 2016 WL 3947746, at *2-3 (11th Cir. July 22, 2016). In any event, if, subsequent to this Order, the Eleventh Circuit does authorize Petitioner to file another § 2255 motion, he will be able to file such a motion in this Court and will be assigned a new civil action number.

Accordingly, the Court **OVERRULES** Petitioner's objections, **DENIES** the request to hold this case in abeyance, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ___ day of August, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3